**GUARDIAN PACKAGING CORPORA-
TION, Plaintiff,**

v.

**KAPAK INDUSTRIES, INC., First National Bank of Saint Paul, and Freeze Dry Products, Inc., Defendants.**

No. 3–70–Civ–4.

United States District Court,
D. Minnesota,
Third Division.

Sept. 14, 1970.

---

Stephen C. Lapadat, Dudley, Smith, Copeland & Belisle, St. Paul, Minn., for plaintiff.

Paul F. Arnold, Evansville, Ind., and Bruce E. Hanson, Doherty, Rumble & Butler, St. Paul, Minn., for defendant Freeze Dry Products, Inc.

S. L. Hanson and R. E. Orchard, Briggs & Morgan, St. Paul, Minn., for defendant First National Bank of St. Paul.

Linn J. Firestone, Firestone, Fink, Krawetz, Miley, Maas & Noonan, St. Paul, Minn., for defendant Kapak Industries, Inc.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The issue here, on a motion to dismiss, is as to the legal effectiveness of service of process upon a non-resident defendant under the Minnesota "Single Act" statute.

Defendant Freeze Dry, the movant, is an Indiana corporation with its principal place of business in Evansville, Indiana. The pleadings, records and affidavits reflect that the only contact which Freeze Dry has had with the State of Minnesota regarding this cause of action was to execute an agreement with defendant Kapak Industries, Inc. for the purchase of foil pouches to be manufactured in Minnesota and delivered to Freeze Dry in Indiana. No officer, employee or agent of Freeze Dry has ever been in the State of Minnesota relating to the purchase of the pouches from Kapak. All dealings between Freeze Dry and Kapak were conducted by a representative of Kapak going to Indiana, or by mail, telegram, or telephone, and through an Indiana resident acting on behalf of Kapak as its commissioned broker. The broker has never been in Minnesota in connection with the matter.

Pursuant to the contract, Kapak shipped an installment of pouches to Freeze Dry in Indiana on April 25, 1968. Freeze Dry has refused to make payment, asserting that a large number of the pouches were not of merchantable quality as warranted. Guardian Packaging Corporation, plaintiff in this action, is the assignee of Kapak's rights to all monies due from Freeze Dry as a result of this transaction. Defendant First National Bank of St. Paul issued a letter of credit in connection with the transaction.

Whether a federal court has jurisdiction over the person of a nonresident defendant in a diversity action raises two questions; first, whether the local statute as construed by the courts of the state subjects the foreign corporation to local jurisdiction; and second, whether the attempted assertion of jurisdiction comports with the due process requirements of the United States Constitution. While the latter is to be decided in accordance with federal precedents, interpretation of the local statute is a matter of state law. The state may impose limitations, beyond those of due process, upon a foreign corporation's amenability to suit in her courts. A federal court sitting in a state should observe these further limitations whether the case be one instituted in the federal court or one removed from a state court. Aftanase v. Economy Baler Co., 343 F.2d 187 (8th Cir. 1965); Simpkins v. Council Mfg. Corp., 332 F.2d 733 (8th Cir.

1964); Williams v. Connolly, 227 F. Supp. 539 (D.Minn.1964).

■ The Minnesota "Single Act" Statute § 303.13, Sub-division 1(3), provides in part as follows:

"If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the state of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort."

The Minnesota state courts have taken a liberal approach to this "Single-Act" statute, Bonhiver v. Louisiana Brokers Exchange, Inc., 255 F.Supp. 254 (D. Minn.1966); United Barge Co. v. Logan Charter Service, Inc., 237 F.Supp. 624 (D.Minn.1964); Williams v. Connolly, *supra*. But they have not applied the statute to foreign corporations without limitation. See Fourth Northwestern National Bank of Minneapolis v. Hilson Industries, Inc., 264 Minn. 110, 117 N.W. 2d 732 (1962); Marshall Egg Transport Co. v. Bender-Goodman Co., 275 Minn. 534, 148 N.W.2d 161 (1967). Here the Minnesota "single-act" statute must support jurisdiction, if at all, on the basis of Freeze Dry's status as a nonresident purchaser from a Minnesota seller.

The Minnesota state court case involving substituted service under Minnesota Statute § 303.13, Subdivision 1(3), which most closely parallels the facts of the instant case is Fourth Northwestern National Bank of Minneapolis v. Hilson Industries, Inc., *supra*. In that case the defendant was a nonresident corporate purchaser of goods from a Minnesota manufacturer, as is Freeze Dry here.

The Minnesota Supreme Court reviewed the history of jurisdiction over nonresidents, including a discussion of the various Minnesota cases arising under the "single-act" statute and stated:

"Without attempting to review in detail the facts in each of these decisions, it is significant to say that all of them except the Dahlberg case involved either torts committed in Minnesota or sales made by nonresident defendants to resident individuals." 117 N.W.2d at 735.

The court emphasized that the defendant in *Hilson* was a nonresident purchaser, rather than a nonresident seller.

"We believe it is significant that the Beck, Adamek, and Paulos cases all resulted in the protection of *individuals* damaged in one way or another by nonresident defendants who sold their products in this state or whose products found their way here and caused injury to a Minnesota resident. In each instance the nonresident defendant had been the aggressor, so to speak, and had had substantial contact with the forum, invoking its protection for the privilege of doing business here. It had subjected itself to the reciprocal obligation of amenability to suit in return for the right to compete for sales in our market places. *However, there is a sharp distinction between suing a nonresident seller and invoking § 303.13 against a nonresident buyer.*" 117 N.W.2d at 735 (emphasis added). See also Waltham Precision Instrument Co. v. McDonnell Aircraft Corp., 203 F.Supp. 539 (D.Mass.1962).

Further emphasizing the significance of the status of the defendant as a nonresident buyer, and the status of the seller as a resident corporation, the court stated:

"As between Hilson and Atland we are not dealing with an unsophisticated local individual who has been pressured or importuned into entering an improvident transaction. We are not confronted with a relatively defense-

less holder of a small claim who is in effect denied justice by being required to travel to a foreign jurisdiction. We have, instead, a corporate resident plaintiff who has taken the initiative in response to a nonresident corporation's inquiries. The nonresident corporation enjoys no particular privilege or protection in purchasing from the resident seller, none akin to the rights exercised by a party seeking to distribute its products within the forum state. *It would seem shortsighted indeed to discourage the sale of Minnesota products to nonresidents by subjecting buyers to our jurisdiction where the contacts are so casual.*" 117 N.W.2d at 736 (emphasis added).

The Supreme Court of Minnesota in *Hilson* quashed the service of summons and dismissed the action, holding that as applied to the facts there Minnesota Statute § 303.13 violated the due process provisions of the Fourteenth Amendment. That court has reaffirmed its position in *Hilson* as recently as 1967. See Marshall Egg Transport Co. v. Bender-Goodman Co., *supra.*

Although numerous Minnesota state court cases have sustained substituted service upon nonresident corporations pursuant to the state's "single-act" statute, it is significant that Dahlberg Co. v. Western Hearing Aid Center, 259 Minn. 330, 107 N.W.2d 381 (1961), a case relied upon by plaintiff in this action, is the only case in which the Minnesota Supreme Court has sustained such service as to a nonresident purchaser. More importantly, the nonresident purchaser in *Dahlberg* had substantially more contacts with the State of Minnesota than Freeze Dry has had here and in *Hilson* the Minnesota Supreme Court expressly distinguished such a situation from that presented by the instant case.

Washington Scientific Industries, Inc. v. Polan Industries, Inc., 273 F.Supp. 344 (D.Minn.1967), the other case relied upon by plaintiff, is also distinguishable. In *Polan* goods were shipped into Minnesota from out of state by the nonresident defendant to be repaired, representatives of the nonresident defendant made trips into Minnesota, and the nonresident defendant was not a nonresident purchaser but rather a nonresident having his goods serviced in Minnesota.

In light of the guidelines established by the Minnesota Supreme Court in *Hilson* and *Marshall Egg*, we conclude that Freeze Dry, as a nonresident purchaser from a Minnesota corporate manufacturer, and with very limited Minnesota contacts, is not amenable to service under Minnesota Statute § 303.13, Subdivision 1(3).

The general principles of forum non conveniens also require this conclusion. See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Kilpatrick v. Texas & P. Ry. Co., 166 F.2d 788 (2d Cir. 1948); Fourth Northwestern National Bank of Minneapolis v. Hilson Industries, Inc., *supra.*

Since the limitations set forth by the Supreme Court of Minnesota on jurisdiction over nonresident defendants under the Minnesota "single-act" statute exclude the present suit as it relates to Freeze Dry, it is unnecessary to consider whether the assumption of jurisdiction over Freeze Dry would offend federal due process standards.

Service of summons on Freeze Dry Products, Inc., is quashed and the action against Freeze Dry Products, Inc., is dismissed.