ALL LEASE COMPANY, INC. v. BRUCE W. BETTS
AND OTHERS.

199 N. W. 2d 821.

July 21, 1972—No. 43166.

*Firestone, Fink, Krawetz, Miley & Maas, William W. Fink,* and *Kenneth J. Maas, Jr.,* for appellant.

*Berde, Leonard & Weinblatt* and *Alan W. Weinblatt,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

PER CURIAM.

Plaintiff appeals from an order dismissing Bruce W. Betts and Ralph P. Betts as defendants for want of personal jurisdiction. The sole issue presented is whether these nonresident defendants had transacted any business within Minnesota to authorize in personam jurisdiction within the constitutional contemplation of our "long arm" statute, Minn. St. 543.19. Upon the record submitted, we affirm the trial court's dismissal.

Plaintiff, a Minnesota corporation, brought suit in Minnesota against defendant Bruce Betts to recover an indebtedness claimed due under a written lease of a Portable Lubrication service truck. Plaintiff joined defendants Ralph Betts, Levon Christopherson, R. L. Bogan, and Portable Lubrication, Inc., the franchise owner and supplier of the truck, as alleged guarantors of the performance of the lease agreement. Defendant Bruce Betts, a resident of Florida, and defendant Ralph Betts, his father, a resident of Pennsylvania, were personally served outside this state. Bruce and Ralph Betts moved for dismissal of the complaint on the ground that the "minimum contacts" required for the courts of this state to exercise in personam jurisdiction under § 543.19, subds. 1(b) and 3,[1] were lacking. On affidavits submitted by the parties, the

---

[1] Minn. St. 543.19 provides in part: "Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal

district court found that the lease was executed by Bruce Betts in Florida and the guaranty was executed by Ralph Betts in Pennsylvania. Neither defendant was found to have transacted any business in this state or entered Minnesota "for the purpose of negotiating, discussing or executing any of the documents" which gave rise to plaintiff's action. These findings, which appear to be wholly consistent with the facts disclosed by the affidavits, are not challenged.

Where the nonresident defendant challenges the jurisdiction of the court, the burden is upon plaintiff to prove not only that personal jurisdiction is authorized by the terms of § 543.19 in the particular instance but also that minimum contacts exist rendering the exercise of such jurisdiction consistent with due process.[2] Upon this record, it is apparent that plaintiff failed to demonstrate sufficient contacts with Minnesota so that traditional notions of fair play and substantial justice would not be offended if this state exercised personal jurisdiction. McQuay, Inc. v. Samuel Schlosberg, Inc. 321 F. Supp. 902 (D. Minn. 1971); Gahagan v. Patterson, 316 F. Supp. 1099 (D. Minn. 1970); and see, Conn v. Whitmore, 9 Utah 2d 250, 342 P. 2d 871 (1959), as cited in Fourth N. W. Nat. Bank v. Hilson Industries, Inc. 264 Minn. 110, 117, 117 N. W. 2d 732, 736 (1962); Nerlund v. Schiavone, 250 Minn. 160, 84 N. W. 2d 61 (1957).

Affirmed.

---

jurisdiction over * * * any non-resident individual * * * in the same manner as if * * * he were a resident of this state. This section applies if * * * the * * * non-resident individual:

\* \* \* \* \*

"(b)  Transacts any business within the state, * * *

\* \* \* \* \*

"Subd. 3.  Only causes of action arising from acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over him is based upon this section."

[2] The burden is generally upon the party claiming the benefit of the statute. Holt Motor Co. v. R. C. A. Photophone, Inc. 196 Minn. 527, 530, 265 N. W. 313, 314 (1936). Where personal jurisdiction is sought pursuant to a "long arm" statute, the burden is upon the plaintiff to establish minimum contacts. McQuay, Inc. v. Samuel Schlosberg, Inc. 321 F. Supp. 902, 904 (D. Minn. 1971); Williams v. Connolly, 227 F. Supp. 539, 549 (D. Minn. 1964); Dahlberg Co. v. American Sound Products, Inc. 179 F. Supp. 928, 933 (D. Minn. 1959).

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.