**Tanya THOMPSON, Plaintiff,**

v.

**E. C. KIEKHAEFER et al.,
Defendants.**

**No. 4–73–Civ. 438.**

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 30, 1973.

Charles J. Lindberg, Minneapolis, Minn., for plaintiff.

Steven K. Champlin, Dorsey, Marquart, Windhorst, West & Halladay, Minneapolis, Minn., for defendants.

## MEMORANDUM

LARSON, District Judge.

The reach of one of Minnesota's long-arm statutes is again at issue in this motion by nonresident defendants who challenge being subjected to in personam jurisdiction in this State.

On May 29, 1973, E. C. Kiekhaefer (hereinafter Kiekhaefer), president of Kiekhaefer Aeromarine Motors, Inc. (hereinafter KAM), wrote a letter to the Wisconsin Unemployment Compensation Division that allegedly libeled the plaintiff. The letter apparently was written relative to the eligibility for unemployment compensation of the plaintiff's father, a former employee of KAM.

The plaintiff brought this diversity suit on September 7, 1973, claiming $500,000 compensatory and punitive damages from Kiekhaefer, KAM, and Bombardier Limited, a Canadian company that allegedly had earlier entered into an agreement to purchase the assets of KAM. By stipulation, the action has been dismissed without prejudice as to Bombardier Limited.

According to the unverified complaint and the statements of her counsel at oral argument, plaintiff was a Minnesota resident at the time of the alleged libel and at the time of the filing of this action. Although there appears to be a question as to whether Wisconsin or Minnesota was her State of residence on each occasion, the Court will assume for purposes of this motion that she has been a Minnesota resident and citizen at all pertinent times.

Defendant Kiekhaefer avers that he is a Florida resident. He has at all per-

tinent times been the president of defendant KAM, a Wisconsin corporation based in the Town of Taycheedah in Fond du Lac County, Wisconsin. Kiekhaefer temporarily lives there, too.

In his affidavit Kiekhaefer further maintains that he did not have a permanent place of business in Minnesota or own property in Minnesota at the time of the alleged tort or subsequent thereto. He further avers that he does not regularly come to Minnesota in connection with his position with KAM.

KAM designs, manufactures, and sells engines and allied parts. According to the uncontested affidavit of its assistant secretary-treasurer, KAM has no place of business in Minnesota, does not own, use, or possess any property in this State, has no agents or employees in Minnesota, makes no sales in Minnesota, and does not conduct any promotional efforts in Minnesota.

From this affidavit it appears that KAM's contacts with Minnesota are limited to the placement of occasional purchases from companies located in Minnesota. In the interim between the writing of the allegedly libelous letter and the commencement of this action, KAM placed three purchase orders with Minnesota companies and received one consignment order from a Minnesota company. There is no indication of the dollar amounts involved in these transactions. Nor is there any reference to defendants' commercial dealings in Minnesota during different time periods, other than statements by the affiants to the effect that their contacts consisted of isolated transactions.

The controverted letter was written by Kiekhaefer on KAM letterhead stationery. It was sent from the KAM headquarters to the Unemployment Compensation Division, also located in Fond

du Lac County. There apparently has been no republication of the letter within Minnesota.

Service of process was made separately on Kiekhaefer and on KAM pursuant to M.S.A. § 543.19, one of the Minnesota long-arm statutes whereby in personam jurisdiction may be asserted over nonresidents.[1] The statute, in pertinent part, reads as follows:

"Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

(a) Owns, uses, or possesses any real or personal property situated in this state, or

(b) Transacts any business within the state, or

(c) Commits any tort in Minnesota causing injury or property damage, or

(d) Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if

(1) at the time of the injury, solicitation or service activities were carried on within Minnesota by or on behalf of the defendant, or

(2) products, materials or things processed, serviced, or manufactured by the defendant were used or consumed within Minnesota in the ordinary course of trade.

---

1. Minnesota Laws 1967, Ch. 427, § 1, effective May 16, 1967. Rule 4(e) of the Federal Rules of Civil Procedure permits extraterritorial service in Federal court actions when the law of the State in which the Federal court sits provides for such service. See 2 Moore's Federal Practice Par. 4.32

(2d ed. 1970). Jurisdiction here must be upheld under M.S.A. § 543.19 or not at all since no attempt was made to effect service under M.S.A. § 303.13 subd. 1(3), the corporation long-arm statute which provides, inter alia, for service upon the Secretary of State. See n. 2, *infra*.

Subdivision 2. The service of process on any person who is subject to jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the summons upon the defendant outside this state with the same effect as though the summons had been personally served within this state.

Subdivision 3. Only causes of action arising from acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over him is based upon this section."

Defendants now move for quashing of service, or in the alternative, for dismissal for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. The Court will treat the motion as one for dismissal under Rule 12(b)(2).

Defendants contend that M.S.A. § 543.19 is not applicable to the instant case and that, even if applicable, due process would be violated here by asserting jurisdiction over the foreign resident and corporation.

This Court has on many occasions dealt with statutory and constitutional issues relative to assertion of in personam jurisdiction under Minnesota long-arm statutes. See, e. g., Williams v. Connolly, 227 F.Supp. 539 (D.Minn.1964); Haldeman-Homme Manufacturing Company v. Texacon Industries, Inc., 236 F.Supp. 99 (D.Minn.1964); Kornfuehrer v. Philadelphia Bindery,, Inc., 240 F.Supp. 157 (D.Minn.1965); Bonhiver v. Louisiana Brokers Exchange of Baton Rouge, Inc., 255 F.Supp. 254 (D.Minn.1966); Independent School District No. 454, Fairmont, Minn. v. Marshall & Stevens Company, 337 F.Supp. 1278 (D.Minn.1971); Hanson Silo Company v. Even-Flo Silage Distributor, No. 4–72–Civil 612 (May 23, 1973); National Computer Systems, Inc. v. Houghton Mifflin Company, 4–73–Civil 101 (July 25, 1973).

Both parties rely, in part, on Independent School District No. 454, Fairmont, Minnesota v. Marshall & Stevens

Company, *supra*. Noting many difficult and unresolved questions concerning the application of § 543.19 in general and as it applied to those facts in particular, 337 F.2d at 1282, n. 2, the Court there deviated from traditional practice of declining wherever possible to pass upon constitutional questions. See 16 Am.Jur.2d, Constitutional Law § 111 (1964); Rosenberg v. Fleuti, 374 U.S. 449, 451, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963). See also Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951). Rather than trying to avoid having to rule on the constitutional issue, the Court passed over the statutory questions in order to resolve the matter on due process grounds. This departure from normal decision-making was predicated on the absence of guiding precedents interpreting the statute and upon the abundant clarity of the due process issue in defendant's favor. 337 F.2d at 1282. This same approach had been employed in Washington Scientific Industries, Inc. v. Polan Industries, Inc., 302 F.Supp. 1354, 1357 (D.Minn.1969).

Since then there has been a smattering of cases fleshing out the meaning of various provisions of the statute. See, e. g., Anderson v. Matson Navigation Company, 336 F.Supp. 1388 (D.Minn. 1971); Gahagan v. Patterson, 316 F. Supp. 1099 (D.Minn.1970). See also Hunt v Nevada State Bank, 285 Minn. 77, 172 N.W.2d 292 (1969), cert. denied sub nom. Burke v. Hunt, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970).

But the Minnesota Supreme Court has not yet given a definite construction of the statute. Its decisions under the statute basically have turned on due process grounds, rather than statutory interpretation. E. g., All Lease Company v. Betts, 294 Minn. 473, 199 N.W.2d 821 (1972); Mid-Continent Freight Lines, Inc. v. Highway Trailer Industries, Inc., 291 Minn. 251, 190 N.W. 2d 670 (1971).

Combined with this sparsity of interpretation of the statute is the clarity of the due process issue here, as in

*Independent School District No. 454.*[2] Accordingly, the Court will follow the procedure employed in that case and refrain from engaging in statutory interpretation. Assuming that the statute authorizes service against the two defendants here,[3] the question is whether such service comports with the due process clause of the Fourteenth Amendment of the Constitution. Aftanase v. Economy Baler Company, 343 F.2d 187 (8th Cir. 1965). *See also* International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Court feels that it does not.

It is unnecessary here to review the numerous cases that have dealt with this issue from *International Shoe Company* to the present day. Many of them are summarized in Aftanase v. Economy Baler Company, *supra,* 193–195. Others are discussed in this Court's most recent decision on the matter. K–Tel International, Inc. v. Carl Post/Don Pasin Organization, Inc., No. 4–73–Civil 273 (Nov. 21, 1973) (upholding jurisdiction under M.S.A. § 303.13 Subd. 1(3)).

Although these cases manifest an expansive tendency with regard to assertion of in personam jurisdiction over nonresidents, *see* Guardian Packaging Corporation v. Kapak Industries, Inc., 316 F.Supp. 952, 954 (D.Minn.1970), each case must be decided on its own facts. See International Shoe Company v. Washington, *supra.* Determinations must be based on the general fairness to the nonresident defendants and the reasonableness of subjecting them to in personam jurisdiction in the foreign forum. *See* Perkins v. Benquet Consolidated Mining Company, 342 U.S. 437, 445–446, 72 S.Ct. 413, 96 L.Ed. 485 (1952);

International Shoe Company v. Washington, *supra.*

In passing upon the question, the Court must employ a five-pronged balancing test. It first must consider three primary factors: the quantity of each defendant's contacts with the Minnesota forum, the quality of those contacts, and the source and relationship between the instant cause of action and those contacts. Consideration then must be given to two factors of lesser importance: the interests of the forum State and the convenience of the Minnesota forum. Aftanase v. Economy Baler Company, *supra,* 197.

The quantity of contacts appears to be slight for both Kiekhaefer and KAM. There is little to associate either of them with the Minnesota forum except for the occasional purchases made in this State by KAM. Although the Court has not been given any financial figures with regard to KAM's dealings in the Minnesota marketplace, the unchallenged affidavits indicate these probably are not substantial. Furthermore, if reference is made only to those contacts related to the instant cause of action, *see* Electro-Craft Corporation v. Maxwell Electronics Corporation, 417 F.2d 365, 368–369 (8th Cir. 1969), there would be no Minnesota contacts at all.

The quality of their contacts with Minnesota is likewise slight. It does not appear that the isolated transactions in Minnesota constituted important ingredients in Kiekhaefer's personal or business affairs or KAM's business. *Compare* K–Tel International, Inc. v. Carl Post/Don Pasin Organization, Inc., *supra,* 8.

Although a tort is being alleged here, it is not the kind of personal or physical

2. Bombardier Limited, the dismissed defendant, was served under M.S.A. § 303.13 subd. 1(3). This so-called "Single Act" statute provides for assertion of in personam jurisdiction, by constructive service upon the Secretary of State, for the commission by foreign corporations of torts "in whole or in part against a resident of Minnesota." Had service been made upon KAM under § 303.-13 subd. 1(3), the statute would appear to be more applicable in the instant action than is § 543.19. But service thereunder would be subject to the same due process objections as arise under § 543.19.

3. Although the title of § 543.19 refers only to individuals, the statute has been held applicable to individuals and corporations. Hunt v. Nevada State Bank, *supra,* 285 Minn. 114, 172 N.W.2d 313–314.

injury that predicates those product liabilities cases that have laid the groundwork for the liberal approach to in personam jurisdiction over nonresidents. *E. g.,* Williams v. Connolly, *supra.*[4] In those cases "dangerousness of the product seems to be the key" to permitting the elongation of the long-arm. Independent School District No. 454, Fairmont, Minnesota v. Marshall & Stevens Company, *supra,* 1284. *See also* Williams v. Connolly, *supra,* 550. In contrast, defendants here did not release a potentially dangerous product to life and limb into the Minnesota marketplace. Therefore, a major impetus for expansive treatment of long-arm jurisdiction is lacking.

What limited contacts defendants have with Minnesota are utterly unrelated to the instant cause of action. It is entirely fortuitous that the plaintiff happens to reside in a State in which KAM transacts an apparently small amount of business. A more compelling case for assertion of jurisdiction might be presented had Kiekhaefer or some of his or KAM's agents visited Minnesota in connection with the allegedly libelous letter. *Compare* Bonhiver v. Louisiana Brokers Exchange of Baton Rouge, Inc., *supra,* 259.

Minnesota's interests in providing the plaintiff with a forum for vindication of an alleged libel are indeed substantial. But the proximity of Wisconsin as an alternative forum for this cause of action lessens plaintiff's dependence on utilizing the courts of this State to gain redress for her grievance. *Compare* McQuay, Inc. v. Samuel Schlosberg, Inc., 321 F.Supp. 902, 908 (D.Minn.1971). Moreover, there does not appear to be any imminent statute of limitations bar at the present time that would preclude

seeking vindication in Wisconsin. W.S.A. § 893.21(2) (1965) (two-year limitations period for libel). Therefore, Minnesota does not offer the only available forum, as a practical matter, for the plaintiff. *See* Anderson v. Matson Navigation Company, *supra,* 1391.

Convenience does not strongly favor either plaintiff or defendants. Witnesses for each side are likely to be found in Minnesota and Wisconsin, respectively. The two concerned States being adjacent alleviates any substantial hardship should plaintiff be forced to litigate in Wisconsin.

■■ In sum, plaintiff has the burden of demonstrating that defendants have sufficient minimal contacts with Minnesota so as to make the assertion of in personam jurisdiction in this State consonant with the principles of due process. McQuay Inc. v. Samuel Schlosberg, Inc., *supra,* 906; Uppgren v. Executive Aviation Services, Inc., 304 F. Supp. 165, 171 (D.Minn.1969); Williams v. Connolly, *supra,* 550; All Lease Company, Inc. v. Betts, *supra,* 294 Minn. 474, n. 2, 199 N.W.2d 822. This burden has not been sustained. Having considered the factors set out in *Aftanase,* the Court concludes that the contacts are so minimal that assertion of jurisdiction here would offend "traditional notions of fair play and substantial justice." International Shoe Company v. Washington, *supra,* 310 U.S. at 316, 66 S.Ct. at 158.

The Court is mindful that lesser contacts may be necessary to sustain jurisdiction for torts such as the instant action than for contract actions. *See* Independent School District No. 454, Fairmont, Minnesota v. Marshall & Stevens Company, *supra,* 1287–1288; Hunt v.

---

4. In *Williams* a California resident was injured in the explosion in a motel in Minnesota in which he was staying. He brought an action in this Court against, among others, the manufacturer of the heater that exploded. Service of process was made under M.S.A. § 303.13 subd. 1(3). Because the plaintiff was not a resident of Minnesota, the tort side of the statute did not apply.

The Court thus fell back on the contract portion, treating the allegation as one for breach of warranty (strict liability). Service was quashed because there was no showing of a contract between the plaintiff and the manufacturer and no evidence from which an analysis of the Minnesota contacts could be made. 227 F.Supp. at 548–549.

Nevada State Bank, *supra*, 285 Minn. 110–111, 172 N.W.2d 311. Nevertheless, territorial limitations do exist, constraining the scope of long-arm jurisdiction. Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); McQuay, Inc. v. Samuel Schlosberg, Inc., *supra*, 906.

Upholding jurisdiction here would stand for the tenuous proposition that any Minnesota resident may obtain in personam jurisdiction over a nonresident who libels a plaintiff in a foreign jurisdiction merely because that nonresident happens to have engaged in a few isolated and totally unrelated commercial transactions in Minnesota. To do so would contravene the principles that have evolved since *International Shoe Company*. *See* Buckley v. New York Times Company, 338 F.2d 470, 474–475 (5th Cir. 1964).

Accordingly, the motion to dismiss for lack of personal jurisdiction over defendants Kiekhaefer and KAM must be granted.