Robert E. JONES and Gladys M. Jones, Plaintiffs,

v.

BANKERS TRUST COMPANY, Defendant.

Civ. No. 4–77–268.

United States District Court, D. Minnesota, Fourth Division.

Dec. 2, 1977.

---

318

Gladys M. Jones, pro se.

Richard L. Post, Kent E. Richey, O'Connor & Hannan, Minneapolis, Minn., Sharon E. Grubin, Thomas McGanney, White & Case, New York City, for defendants.

MacLAUGHLIN, District Judge.

Plaintiff Gladys M. Jones, pro se, brings this diversity action on behalf of herself and her father, both Minnesota residents, against the Bankers Trust Company, a corporation organized under the Banking Law of the State of New York, with its principal place of business located in New York City. Plaintiffs pray for damages in the amount of $250,000.00.

For their cause of action, plaintiffs allege that since 1931, Bankers Trust Company has been mismanaging a trust founded upon the death of the testator, Edward Gold, who died domiciled in New York in 1931, with the result that trust assets have been wrongfully withheld from plaintiffs' branch of the family. More specifically, plaintiffs allege that Bankers Trust Company has engaged in the following tortious acts:

1. Bankers Trust gave trust income under a Will they knew was invalid from 1932 to 1974.

2. Bankers Trust concealed the trust from certain heirs from 1932 until 1959.

3. Bankers Trust used a fraudulent means to inform these certain heirs of the trust.

4. Bankers Trust abused the fiduciary relationship that exists between trustee and possible future contingent heirs.

Defendant Bankers Trust Company filed a Motion to Dismiss this matter for Lack of Jurisdiction Over the Person and a hearing was held on October 26, 1977, at which arguments by plaintiff Gladys Jones and defendant's counsel were heard. On the basis of the oral argument and written memoranda, the Court ordered that defendant's Motion to Dismiss for Lack of Jurisdiction Over the Person be granted. This Memorandum sets forth the Court's reasons for granting the motion.

The will of Edward Gold was executed in 1930 and admitted to probate in 1931. By that will, Bankers Trust Company was appointed co-trustee of the trust created pursuant to the terms of the will. Neither Robert E. Jones nor Gladys M. Jones received notice of those proceedings. In 1958, the co-trustee died and a proceeding was brought in the New York County Surrogate's Court for an intermediate accounting. (File No. 2808/1931) The plaintiffs received notices of the proceedings, but

they made no written or personal appearance. The reasons for the failure of the plaintiffs to appear is one of the factual disputes in this suit. The account was settled by a decree dated October 13, 1960.

In 1974, the life income beneficiary of the trust died and Bankers Trust instituted a proceeding in New York County Surrogate's Court to settle its final account as surviving trustee, obtain a construction of the will, and receive an instruction as to whom the trust principal should be distributed. The plaintiffs were apparently served citations on December 11, 1975, along with 130 other persons located in 12 states. The plaintiffs did not respond by the January 30, 1976, deadline. However, the Surrogate's Court did receive a memorandum of law dated August 5, 1976, and a letter dated June 9, 1977, from plaintiff Gladys Jones, which the Surrogate's Court may have treated as a formal appearance.

The complaint in the instant action was filed on July 26, 1977, and amended by leave of the Court on October 5, 1977. Plaintiff attempted to serve the defendant by directing the U. S. Marshal to deliver a summons and complaint to the defendant's principal place of business in New York City.

The defendant in this action, Bankers Trust Company, is incorporated under New York law and has its principal place of business there. It has no office or employees in Minnesota and is not licensed or qualified to do business in Minnesota. The Personal Trust Division of the Trust Department, which is solely responsible for the administration of the Edward E. Gold trust, does not presently conduct any activity in Minnesota and has not in the past. It carries on no solicitation or service activities in Minnesota, aside from the isolated instances of notifying the plaintiffs in this suit of the proceedings in New York County Surrogate's Court in 1959 and 1974. The only activities performed in Minnesota by Bankers Trust are conducted by other departments. These activities include the maintenance of correspondent bank relationships with certain Minnesota banks; administration in New York of the pension and corporate trusts of Minnesota companies established under New York law; and the administration of loan agreements executed in New York to Minnesota corporations. The total time spent on such activities by employees, who are not employed by the Personal Trust Division, is less than .005% of the total time worked by bank employees.

Bankers Trust Company argues that this Court lacks personal jurisdiction over the defendant because the only contacts that the Personal Trust Division has had with Minnesota concerned this case and the notices to these plaintiffs about the existence of the proceedings in New York County Surrogate's Court sometime in 1959 and again in 1974. Plaintiffs reply that those contacts, in addition to the activities of the other departments of the Bank in Minnesota, are sufficient to warrant the exercise of personal jurisdiction over defendant.

Minnesota's long-arm statute provides,

Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any nonresident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or nonresident individual:

\* \* \* \* \* \*

(b) Transacts any business within the state, or

. . . . .

(d) Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if (1) at the time of the injury, solicitation or service activities were carried on within Minnesota by or on behalf of the defendant, or (2) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within Minnesota in the ordinary course of trade. Minn.Stat. § 543.19.

320

It is well established that Minnesota has extended its long-arm jurisdiction to the maximum limits consistent with constitutional limitations. *Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W.2d 292 (1969), *cert. denied, sub nom. Burke v. Hunt*, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970); *McQuay, Inc. v. Samuel Schloseberg, Inc.*, 321 F.Supp. 902 (D.Minn.1971).

For there to be a constitutional exercise of personal jurisdiction over a nonresident defendant, the United States Supreme Court has required that the nonresident defendant have certain minimum contacts with the forum state so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed.2d 95 (1945). The United States Supreme Court has further explained that the defendant must purposely avail itself of the forum state before the state is justified in exercising personal jurisdiction over the nonresident defendant. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

In *Hanson v. Denckla*, the United States Supreme Court ruled against the plaintiff on facts very similar to those of the case at hand. The issue presented there was whether or not a Florida court had personal jurisdiction over a nonresident trustee. The trust agreement had been executed in Delaware, by a woman who was then a domiciliary of Pennsylvania, appointing the Wilmington Trust Co. of Wilmington, Delaware, as trustee. Nine years later the creator of the trust became domiciled in Florida, where she lived until her death six years later. Thereafter, some of the residuary legatees petitioned a Florida chancery court regarding the interpretation of the trust, attempting to obtain personal service over the nonresident trustee. The United States Supreme Court held that there was no personal jurisdiction because there was no act by which the defendant trustee had purposely availed itself of the privilege of conducting activities in the forum state. 357 U.S. at 253, 78 S.Ct. 1228. To the contrary, the Court pointed out that

[t]he defendant trust company has no office in Florida, and transacts no business there. None of the trust assets has ever been held or administered in Florida, and the record discloses no solicitation of business in that State either in person or by mail.

. . . . .

The cause of action in this case is not one that arises out of an act done or transaction consummated in the forum State.

. . . . .

In contrast, this action involves the validity of an agreement that was entered without any connection with the forum state. . . . 357 U.S. at 251–52, 78 S.Ct. at 1238 (citations omitted).

Those same circumstances which were decisive in *Hanson v. Denckla* are present in the case at hand.

The leading case in this Circuit is *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965) in which Judge (now Justice) Harry Blackmun set forth five factors to determine whether there have been sufficient minimum contacts to satisfy the requirements of due process: (1) the quantity of defendant's contacts with the forum state; (2) the nature and quality of the contacts; (3) the source and connection of the cause of action to those contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience to the parties. When a defendant challenges jurisdiction, "the burden is on the plaintiff to prove the minimum contacts necessary to satisfy due process." *Thompson v. Kiekhaefer*, 372 F.Supp. 715, 718 (1973).

Plaintiffs have failed to sustain their burden here. First, the evidence presented to this Court indicates that the quantity of contacts of the Personal Trust Division of Bankers Trust Company has been virtually nonexistent, except for the citations mailed to the plaintiffs in 1959 and 1974 to notify them of the New York Coun-

ty Surrogate's Court proceedings. The activities which are conducted in Minnesota by other departments of Bankers Trust Company and which are unrelated to the instant cause of action, constitute less than .005% of the total business of the bank. Moreover, despite these activities, the bank has no employees or offices in Minnesota.

Second, as discussed above, the nature and quality of the contacts does not satisfy the purposely availing test of *Hanson v. Denckla*, 357 U.S. at 253, 78 S.Ct. 1228. The contacts made by the defendant to the plaintiffs in the State of Minnesota were incident to the proceedings in the New York County Surrogate's Court to manage a trust created pursuant to the terms of a will of a New York resident under New York law. The defendant has no office or business in Minnesota and did not seek business in this state. None of the trust assets have ever been held or administered in Minnesota. To the contrary, this action involves the interpretation and management of a trust which was executed in New York and has been supervised by the New York courts. *Hanson v. Denckla*, 357 U.S. at 251–52, 78 S.Ct. 1228.

Third, the present cause of action does not arise from any of the activities of the nonresident defendant which have been carried on in this forum. The United States Supreme Court has explained that the source of the cause of action must be related to the contacts in the forum state in order to comport with the requirements of due process:

> . . . it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there . .
> *International Shoe*, 326 U.S. at 317, 66 S.Ct. at 159 (citations omitted).

In the case at hand, the contacts that defendant has had in Minnesota, with the exception of the notices mailed to plaintiffs, are unrelated to plaintiffs' cause of action.

As Judge Larson noted in *Thompson v. Kiekaefer*,

> Upholding jurisdiction here would stand for the tenuous proposition that any Minnesota resident may obtain in personam jurisdiction over a nonresident who libels a plaintiff in a foreign jurisdiction merely because that nonresident happens to have engaged in a few isolated and totally unrelated commercial transactions in Minnesota. To do so would contravene the principles that have evolved since *International Shoe Company*. 372 F.Supp. 721 (1974)

The fourth consideration is whether or not the State of Minnesota has an interest in providing a forum for its residents in cases such as the one at hand. It obviously does and this Court recognizes that it is clearly difficult for individual claimants of small or moderate means to bring an action in a foreign forum. *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

Nevertheless, the fifth factor, the relative convenience of the forum state to the parties, points to New York and not Minnesota as the appropriate forum for this lawsuit. The actions by defendant company which allegedly constitute mismanagement of the trust have occurred in New York. The agreement out of which the action ultimately arises was created by a New York resident who chose to have his trust established in New York. For the most part, the law to be applied in this case is New York law and the New York courts have been supervising the matter for 37 years. The files and documents are located in New York, as are the witnesses. Finally, approximately 130 persons in twelve different states have been served in the final accounting proceeding undertaken by the New York County Surrogate's Court. If contingent remaindermen like these plaintiffs were permitted to bring suit in the state of their residence, regardless of the trustee's contact with the forum, the administration of trusts would be more complicated, more prolonged and much more expensive than it is now, to the detriment of the beneficiaries.

For all of the above reasons, this Court holds that plaintiffs have failed to sustain their burden of showing that the nonresident defendant Bankers Trust Company has a relationship with the State of Minnesota sufficient to justify the exercise of personal jurisdiction over it in this Court. Accordingly, the defendant's Motion to Dismiss for Lack of Jurisdiction Over the Person has been granted.