CHARLES F. WILLOUGHBY v. HAWKEYE-SECURITY
INSURANCE COMPANY AND ANOTHER.

189 N. W. (2d) 165.

August 6, 1971—No. 42907.

*Vogel, Bierman, Schumacher, Schribman & Nemo* and *Roger R. Lenzmeier,* for appellant.

*Carroll, Cronan, Roth & Austin* and *Frank X. Cronan,* for respondent Hawkeye-Security.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Kelly, JJ.

PER CURIAM.

Appeal from an order of the district court quashing service of the summons and complaint and dismissing plaintiff's claim for damages

for breach of contract. The action is brought by a resident of the State of Ohio against two out-of-state corporations. Plaintiff contends that proper service was made upon both defendants in this state and that the court erred in ordering dismissal.

It appears that plaintiff, Charles F. Willoughby, was the owner of a tractor-trailer unit which, on April 10, 1969, was leased to defendant motor carrier, Caravelle Express, Inc. The leasing contract recites that it is made between plaintiff, a resident of Akron, Ohio, and defendant Caravelle of Norfolk, Nebraska. Payment of the consideration for the leasing of the truck in question was to be made at Sioux City, Iowa. It was agreed that plaintiff would operate the equipment for defendant-lessee and would carry workmen's compensation with the provision that the lessee was authorized to purchase the insurance if plaintiff-lessor were unable to obtain it. Plaintiff claims that defendant-lessee deducted 1 percent of his earnings to pay for such insurance but did not procure it. In carrying out the contract, plaintiff was injured in New Bedford, Massachusetts. He was later hospitalized in St. Paul and incurred medical expenses in Minnesota as a result of such injuries. After Caravelle and its insurer, defendant Hawkeye-Security Insurance Company, refused to make payment of plaintiff's claim for $6,000 medical expenses, the present suit was instituted in Ramsey County. In this suit, plaintiff claims breach of contract damages against Caravelle for its failure to procure workmen's compensation coverage and also claims damages from Caravelle's insurer, Hawkeye-Security, apparently on the theory that he is a third-party beneficiary of a contract between Caravelle and its insurer. The basis of plaintiff's claim that Caravelle failed to procure insurance coverage is not clear since the contract provides:

"Lessor [plaintiff] shall carry a policy of Workman's Compensation and Employers' Liability Insurance on himself, his operators, drivers and employees and said Lessor shall pay the premiums on said Policies."

After the summons and complaint were served on Caravelle through filing with the secretary of state and making service upon an agent who was registered with the Public Service Commission, and upon Hawkeye-Security through filing with the commissioner of insurance, both defendants moved that service be set aside and the action be dismissed.

It may be said at the outset that plaintiff's claim here is basically one growing out of a workmen's compensation liability which apparently has not as yet been presented to the proper tribunal having jurisdic-

tion. Plaintiff seeks relief against Caravelle on the basis of an alleged breach of contract, claiming damages for failure to provide workmen's compensation coverage notwithstanding the express provisions of the lease which would seem to impose upon plaintiff the primary obligation of securing such coverage. Damages are also claimed against Hawkeye-Security notwithstanding the fact that there is no claim that there was any direct contractual relationship between plaintiff and that company. It is conceded that both defendants are nonresidents and the trial court determined in its order of dismissal that "Mr. Charles F. Willoughby [plaintiff] is not a resident of the State of Minnesota." Since we affirm the trial court's decision that dismissal was properly granted under principles of forum non conveniens, it is unnecessary to discuss the applicability of Minn. St. 303.13, subd. 1(1, 2), and Minn. St. 60A.19, subd. 3.

The basic constitutional limits of jurisdiction of state courts over nonresidents have been defined in International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. ed. 95, 161 A. L. R. 1057; and McGee v. International Life Ins. Co. 355 U. S. 220, 78 S. Ct. 199, 2 L. ed. (2d) 223. This court has previously considered the basic approach of those cases. In The Dahlberg Co. v. Western Hearing Aid Center, Ltd. 259 Minn. 330, 335, 107 N. W. (2d) 381, 384, certiorari denied, 366 U. S. 961, 81 S. Ct. 1921, 6 L. ed. (2d) 1253, we stated that when the flexible requirement of minimal contacts between a nonresident defendant and this state are met—

"* * * the courts of this state may accept jurisdiction where to do so would be consonant with traditional notions of fair play and substantial justice. The reasonableness of subjecting the defendant to jurisdiction under this rule may be tested by the standards analogous to those of forum non conveniens."

It is recognized that the courts in this state, even if there is jurisdictional power, nonetheless possess discretion in certain cases to refuse to exercise that power. In Johnson v. Chicago, B. & Q. R. Co. 243 Minn. 58, 79, 66 N. W. (2d) 763, 776, we stated:

"* * * The district courts of this state may fairly exercise their discretion in declining to accept jurisdiction of transitory causes of action brought here by citizens or noncitizens of this state who are nonresident when it fairly appears that it would be more equitable that the cause of action be tried in some other available court of competent jurisdiction."

In the case before us, we have an attempt made by a plaintiff who

appears to be a resident of the State of Ohio, who was injured in the State of Massachusetts, to recover damages from a Nebraska motor carrier and an Iowa insurer on a claim of breach of a contract executed in the State of Iowa. Counsel for plaintiff quotes from 36 Am. Jur. (2d) Foreign Corporations, § 488. However, the following section, § 489, is more persuasive on the facts before us. It reads as follows:

"As in the case of suits between nonresidents generally, it would seem that in jurisdictions which have recognized the doctrine of forum non conveniens, a court, even though it has jurisdiction to entertain an action against a foreign corporation on a transitory cause of action arising outside the state, may, if justice or expediency so requires, refuse to exercise such jurisdiction, leaving the plaintiff to pursue his remedies in a more appropriate and convenient forum, at least where this will create no unconstitutional discrimination among citizens and residents of the state, or between them and citizens or residents of other states. This is especially true of actions for torts occurring outside the state, and the doctrine of forum non conveniens has been said to be an adequate instrumentality through which justice can be achieved, where a foreign corporation is sued for tort."

Even though Caravelle is a foreign corporation doing business in this state, it is nevertheless a nonresident for the purpose of rules governing the existence of the court's discretionary power to decline jurisdiction. Annotation, 48 A. L. R. (2d) 800, 805. Moreover, plaintiff did not choose to exhaust his available remedies in Massachusetts, Iowa, or Nebraska. This state is not the proper or convenient forum for the purported action described in the complaint. Since this court recognizes the doctrine of forum non conveniens, there was no abuse of discretion on the part of the trial court in dismissing the action on that ground and leaving plaintiff to pursue his remedies in a more appropriate or convenient forum.

Affirmed.