MID-CONTINENT FREIGHT LINES, INC. v.
HIGHWAY TRAILER INDUSTRIES, INC.
HUTCHENS AND SON METAL PRODUCTS
COMPANY, INC., THIRD-PARTY DEFENDANT.

190 N. W. (2d) 670.

October 1, 1971—Nos. 42454, 42855.

*Richards, Montgomery, Cobb & Bassford, Melvin D. Heckt,*
and *Jon D. Jensvold,* for appellant.

*Wurst, Bundlie, Carroll & Crouch, A. Thomas Wurst,* and
*Norman W. Larsen,* for respondent.

Heard before Knutson, C. J., and Nelson, Peterson, Kelly, and
Rolloff, JJ.

PETERSON, JUSTICE.

This is an appeal from the district court's orders dismissing
an indemnity action against a nonresident third-party defendant
brought by a nonresident defendant subject to a products liabil-
ity action in this state brought by a resident plaintiff.

Defendant and third-party plaintiff, Highway Trailer Indus-
tries, Inc. (hereafter Highway Industries), a Delaware corpora-
tion with its principal place of business in Edgerton, Wisconsin,

manufactures and sells over-the-road trailers. Third-party defendant, Hutchens and Son Metal Products Inc., (hereafter Hutchens), a Missouri corporation with its principal place of business in Springfield, Missouri, manufactures and sells component parts for tractor-trailers, including a "spring hanger" which Highway Industries purchased from it and incorporated into the assembly of a 1966 trailer thereafter sold to plaintiff, Mid-Continent Freight Lines, Inc. (hereafter Mid-Continent), a Minnesota corporation engaged in the business of interstate trucking. This trailer was part of a tractor-trailer unit which Mid-Continent was operating as a common carrier between Kansas City and Dallas on December 18, 1966, and which collided with a bridge near North Pleasanton, Kansas, while being so operated.

Mid-Continent sued Highway Industries to recover its property damage in the amount of $18,522. This action was based on theories of negligence, strict liability, and breach of warranty, alleging that failure of the spring hanger caused the accident. Defendant Highway Industries by its answer denied liability, and in addition it commenced a third-party indemnity action against Hutchens, alleging failure of the spring hanger.

The status of the nonresident parties to this litigation, with respect to business contact with this state, is for the most part uncontroverted. Highway Industries was licensed to do business, and was doing business, in Minnesota at the time of the sale to plaintiff on March 15, 1966, and at the time of the accident on December 18, 1966, but on December 28, 1967, shortly before plaintiff commenced its action, Highway Industries "affirmatively withdrew" and surrendered its authority to transact business in Minnesota.[1]

Hutchens has never been licensed to do business in Minnesota,

---

[1] Minn. St. 303.16 governs withdrawal by foreign corporations from doing business in Minnesota; § 303.03 provides that "[n]o foreign corporation shall transact business in this state unless it holds a certificate of authority" to do so.

but it has advertised its products in Minnesota and a number of Minnesota firms serve as Minnesota outlets for its products.[2] Sales representatives or other persons purporting to act directly on behalf of Hutchens have called upon these firms and transacted business with them in Minnesota. From 1965 to the present, Hutchens has sold to Highway Industries various products which are incorporated into trailer units manufactured by Highway Industries at its Wisconsin plant, and Hutchens has known that these trailer units are advertised, sold, and used throughout the United States, including in Minnesota.

The relevant long-arm statutes are Minn. St. 303.13, the corporate long-arm statute, and § 543.19, which applies to individuals as well as corporate defendants. Section 303.13, subd. 1(3), provides in part:

"If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the state of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort."

Section 543.19, subd. 1, provides:

"As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his per-

---

[2] Highway Industries relies on an advertisement in which Hutchens referred to these firms as "authorized distributors" to support its allegation that these firms are distributors. Hutchens disputes this allegation, contending that technically it has no distributors since all sales are made f.o.b. Missouri on a noncommission basis.

sonal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

"(a)  Owns, uses, or possesses any real or personal property situated in this state, or

"(b)  Transacts any business within the state, or

"(c)  Commits any tort in Minnesota causing injury or property damage, or

"(d)  Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if, (1) at the time of the injury, solicitation or service activities were carried on within Minnesota by or on behalf of the defendant, or (2) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within Minnesota in the ordinary course of trade."

These statutes were enacted primarily for the protection of residents of this state, and the legislature, to that end, intended to extend the jurisdiction of this state's courts over foreign corporations and other nonresident defendants to the maximum limits consistent with due process safeguards. Hunt v. Nevada State Bank, 285 Minn. 77, 96, 172 N. W. (2d) 292, 304, certiorari denied sub nom. Burke v. Hunt, 397 U. S. 1010, 90 S. Ct. 1239, 25 L. ed. (2d) 423.

Ehlers v. U. S. Heating & Cooling Mfg. Corp. 267 Minn. 56, 124 N. W. (2d) 824, exemplifies the broad reading we have given our long-arm statutes. There, plaintiffs, Minnesota residents, sued defendant, a Minnesota corporation, in a products liability action, for property damage resulting from a fire, claiming that it was caused by a defective boiler sold by defendant and installed on premises occupied by plaintiffs. The boiler was manufactured by a Delaware corporation having its principal place of business in Ohio, which sold it to a New York corporation with its principal place of business in Ohio, which sold it to a Chicago distributing company, which sold it to the Minnesota

supplier. The Minnesota defendant in turn commenced a third-party indemnity action against the foreign manufacturer whose only contact with Minnesota was the manufacture and sale of a mass-production unit, the use of which in Minnesota was reasonably foreseeable as the result of ordinary marketing processes. We asserted personal jurisdiction over the indemnity action pursuant to § 303.13, subd. 1(3).

The situation at bar obviously differs from Ehlers in two respects: First, the damage-resulting event occurred outside of Minnesota, whereas in Ehlers it occurred in Minnesota; and, second, the third-party plaintiff seeking indemnity is a foreign corporation not licensed to do business in Minnesota, whereas in Ehlers the third-party plaintiff was a Minnesota resident.

Constitutional guidelines for the assertion of jurisdiction by state courts over nonresidents have been established by the United States Supreme Court in such well known cases as International Shoe Co. v. Washington, 326 U. S. 310, 66 S. Ct. 154, 90 L. ed. 95; Travelers Health Assn. v. Virginia ex rel. State Corporation Comm. 339 U. S. 643, 70 S. Ct. 927, 94 L. ed. 1154; Perkins v. Benguet Consol. Mining Co. 342 U. S. 437, 72 S. Ct. 413, 96 L. ed. 485; McGee v. International Life Ins. Co. 355 U. S. 220, 78 S. Ct. 199, 2 L. ed. (2d) 223; and Hanson v. Denckla, 357 U. S. 235, 78 S. Ct. 1228, 2 L. ed. (2d) 1283. Judge Blackmun, now Associate Justice of the United States Supreme Court, writing for the Court of Appeals, Eighth Circuit, in Aftanase v. Economy Baler Co. 343 F. (2d) 187, 197, synthesized from these cases the primary factors which must be considered in determining whether the taking of jurisdiction by our courts in this case would comport with due process: (1) The quantity of the contacts, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action with those contacts, (4) the interest of the forum state in providing a forum, and (5) the convenience of the parties.

The nonresident third-party defendant, Hutchens, is not without any significant contacts with Minnesota. Hutchens is a com-

mercial enterprise with multistate activities which can expect, plan for, and insure against litigation that may arise in the various states in which its products are sold. It was reasonably foreseeable to Hutchens that its products would be incorporated into defendant's trailers and that defendant's trailers would be sold in Minnesota to a Minnesota resident engaged in interstate trucking, so that its product, if defective, might result in damages to a Minnesota resident. Had it been plaintiff, a Minnesota resident, which commenced the action against Hutchens, we would have little difficulty in holding that our courts have jurisdiction over Hutchens, because in such a case we would have a clear interest in providing a forum for the action.[3]

Nevertheless, the convenience of the parties and the interest of this state in providing a forum for the nonresident third-party plaintiff, Highway Industries, are minimal. It would doubtlessly be convenient for Highway Industries to adjudicate its claim against Hutchens in the main action in this state, but Highway Industries is not without another forum to litigate its claim against Hutchens. The convenience of Hutchens would not, on the other hand, be served by trial in this state. It is a matter of indifference to plaintiff, Mid-Continent, of course, for it may fully recover upon its pending claim against Highway Industries without the presence of Hutchens. We conclude, in these circumstances, that neither our statutes nor considerations of due process mandate the assertion of jurisdiction by this state over the indemnity action of Highway Industries.

We do not, however, decide that our statute will not in any circumstances afford protection for other than Minnesota residents.

---

[3] The fact that the accident occurred outside of Minnesota would not alone be determinative. Singer v. Walker, 15 N. Y. (2d) 443, 464, 261 N. Y. S. (2d) 8, 24, 209 N. E. (2d) 68, 80, 24 A. L. R. (3d) 508, 524, certiorari denied, sub nom. Estwing Mfg. Co. Inc. v. Singer, 382 U. S. 905, 86 S. Ct. 241, 15 L. ed. (2d) 158; Currie, *The Growth of the Long Arm: Eight Years of Extended Jurisdiction in Illinois,* 1963 U. Ill. L. F. 533, 544 to 560. Cf. Willoughby v. Hawkeye-Security Ins. Co. 291 Minn. 509, 189 N. W. (2d) 165.

Although Minn. St. 303.13, subd. 1(3), is restricted to residents, § 543.19, subd. 1, is not expressly so restricted.[4] It is conceivable that situations may arise when this state may have a constitutionally appropriate interest in providing a forum to a nonresident plaintiff. See discussion in Currie, *The Growth of the Long Arm: Eight Years of Extended Jurisdiction in Illinois,* 1963 U. Ill. L. F. 533, 542 to 544. We decide only that this action for indemnity is not such a situation.

Affirmed.

_____

[4] We have given a broad construction to the residency requirement of § 303.13, subd. 1(3). Hunt v. Nevada State Bank, 285 Minn. 77, 104, Note 28, 172 N. W. (2d) 292, 308, Note 28, certiorari denied, sub nom. Burke v. Hunt, 397 U. S. 1010, 90 S. Ct. 1239, 25 L. ed. (2d) 423.