Bill SAUSSER et al., Appellants,

v.

REPUBLIC MORTGAGE INVESTORS, et al., Defendants,

Fogelson Companies, Inc., Respondent.

No. 47942.

Supreme Court of Minnesota.

Aug. 25, 1978.

Mabley & Doty, St. Paul, for appellants.

Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Minneapolis, for respondent.

Heard before PETERSON, TODD and SCOTT, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This is an appeal by plaintiffs Bill Sausser and others from an order of the Hennepin County District Court granting a motion, of defendant Fogelson Companies, Inc. (Fogelson), dismissing plaintiffs' action. We affirm.

Plaintiffs are officers and members of an unincorporated association of homeowners called the Concept 21, Patio Town Homes, Section I, Homeowners Association. On September 15, 1976, plaintiffs brought the present action against several parties including Fogelson and the Bruel Corporation (Bruel). The complaint alleged that the

members of the association purchased condominiums from defendant Bruel; that the defendants including Fogelson were engaged in a joint venture; and that Bruel caused injury to the plaintiffs by allegedly committing several enumerated acts of breach of warranty, false advertising, fraudulent sales representations, and breach of contract.

Since Fogelson is an Illinois corporation with a principal place of business in Des Plaines, Illinois, plaintiffs initiated this action relying upon Minn.St. 303.13, subd. 1(3), governing service of process on a foreign corporation, which provides in part:

"If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the state of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. * *."

Fogelson then sought an order to dismiss the action against it on the ground of lack of personal jurisdiction. The motion to dismiss was accompanied by sworn affidavits of Gerald W. Fogelson, president of Fogelson Companies, Inc., stating that defendant Fogelson is an Illinois corporation with a principal place of business in that state; that it is not authorized to do and does not transact business in Minnesota; that it has no mailing address, telephone listings, facilities, inventories, bank accounts, real or personal property, or employees or agents within the state of Minnesota; that at no time did it have any negotiations or transactions with any plaintiff or defendant within Minnesota or elsewhere with respect to the development of real estate in Minnesota; and that at no time did it make any contract with any plaintiff or defendant to be performed in whole or in part in Minnesota or elsewhere. The affidavits further stated that at no time was Fogelson affiliated with Bruel or any other defendant in connection with the Minnesota condominium project.

Plaintiffs opposed the motion by submitting a memorandum and 13 exhibits which purport to establish that Fogelson had the requisite number of contacts with the Minnesota condominium project so as to establish personal jurisdiction, pursuant to Minn.St. 303.13 and the due process clause of the constitution, over Fogelson in Minnesota. Through these exhibits plaintiffs attempted to show that Bruel was merely a conduit for Fogelson, since Bruel allegedly was one of the affiliated companies of Fogelson. Plaintiffs admit that no affidavit was submitted to certify the source of the exhibits.

The district court granted Fogelson's motion and dismissed the action as to Fogelson. Plaintiffs appeal to this court.

The only issue presented on appeal is whether the district court erred in dismissing defendant Fogelson from the lawsuit on the ground that the court lacked personal jurisdiction over Fogelson.

■ In dismissing the action against Fogelson, the trial court relied upon *Mid-Continent Frgt. Lines, Inc. v. Highway Trailer Indus.*, 291 Minn. 251, 255, 190 N.W.2d 670, 673 (1971), and *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8 Cir. 1965), in which this court and the United States Court of Appeals for the Eighth Circuit set forth the criteria to be applied when determining whether jurisdiction over the person complies with due process. These factors are: (1) the quantity of contacts, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action with those contacts, (4) the interest of the forum state in providing a forum, and (5) the convenience of the parties. *Mid-Continent Frgt. Lines, Inc. v. Highway Trailer Indus., supra.* Applying these factors, the trial court held that it had no jurisdiction over Fogelson.

It is well-settled that where a non-resident defendant challenges jurisdiction, the burden is upon the plaintiff to prove not only that personal jurisdiction is authorized by the terms of the statute "but also that minimum contacts exist rendering the exercise of such jurisdiction consistent with due process." *All Lease Co., Inc. v. Betts*, 294 Minn. 473, 199 N.W.2d 821 (1972). In the present case, plaintiffs clearly have not sustained their burden.

Rule 43.05 of the Rules of Civil Procedure provides that "[w]hen a motion is based on facts not appearing of record, the court may hear the matter on *affidavits* presented by the respective parties, but the court may direct that the matter be heard wholly or partly on *oral testimony* or *depositions*." (Italics supplied). In the present case, plaintiffs submitted no affidavits, depositions, or sworn oral testimony. None of plaintiffs' documents were accompanied by affidavit nor were they testified to by any witness. Furthermore, if a motion to dismiss is supported by affidavits, the non-moving party cannot rely on general statements in his pleading and therefore the allegations contained in plaintiffs' complaint cannot be used to sustain their burden of proof. Cf., 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 63 (Supp.1976).

Consequently, plaintiffs submitted no competent evidence to the district court and the only pieces of evidence properly before the court regarding the issue of jurisdiction were the affidavits of Fogelson's president, who denied that the corporation had any contacts whatsoever with the state of Minnesota. The district court thus did not err in holding that under "the present set of facts before the Court, it appears as though there is no jurisdiction over Fogelson."

Plaintiffs contend, however, that the error in not providing evidence by affidavit should be deemed a "harmless error" and that the district court erred in not following Rule 61 of the Rules of Civil Procedure, which provides in part:

" * * * The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

In the present case, however, the absence of the affidavit affects the substantial rights of defendant Fogelson. Where one party attempts to prove that the statutory and constitutional requisites for jurisdiction are present based upon wholly unverified and unattested evidence, it cannot be said that only insubstantial rights of the opposing party are affected. Furthermore, the record does not show that plaintiffs raised the alleged Rule 61 error prior to this appeal.[1]

In addition, even if the 13 exhibits submitted by plaintiffs had been properly supported by affidavit, the facts contained in these documents are insufficient to establish the minimal contacts required for personal jurisdiction. The primary contention of plaintiffs is that these exhibits show that Fogelson stationery was used by Bruel's agents for correspondence regarding the Minnesota condominium project. Whenever Fogelson stationery was used, however, the letters were signed by Bruel's agents, who indicated that they were signing in their capacity with "The Bruel Corporation." The only other indication seems to be that Gerald A. Fogelson is the president of "The Bruel Corporation," which is an affiliate, along with several other companies, of "The Fogelson Companies, Inc." There are no details as to the Fogelson Companies' actual involvement in these transactions. We therefore conclude that

---

1. Plaintiffs also allege that the district court made an erroneous finding that "with the exception of 'Fogelson Companies, Inc.' appearing in the Summons and Complaint, Fogelson does not appear anywhere else in these pleadings." Plaintiffs are correct in this allegation since the complaint does in fact mention Fogelson Companies, Inc. in the text of the pleadings. The district court's original finding, however, did not form the entire basis of its decision and appears to be merely an additional comment which was actually unnecessary in this case to support the conclusion that the court had no jurisdiction over Fogelson. This error, therefore, does not require a reversal of the case.

these letters and the other documents wholly fail in providing evidence sufficient to establish that Fogelson Companies, Inc. had the requisite minimal contacts with the Minnesota project within the meaning of *Aftanase v. Economy Baler Co., supra*, and *Mid-Continent Frgt. Lines, Inc. v. Highway Trailer Indus., supra*. "[A]n essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in" the forum chosen by plaintiffs. *Kulko v. Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978). The evidence offered in the present case falls far short of establishing that it would be either "reasonable" or "fair" to require Fogelson to defend against plaintiffs' action in Minnesota.

While the foregoing reasons compel us to affirm the district court's decision to dismiss Fogelson from the lawsuit on the basis that it lacked personal jurisdiction over Fogelson, we note that plaintiffs might not be left without a remedy. As Hetland and Adamson state:

"* * * A dismissal for lack of personal jurisdiction is not an adjudication on the merits. A claimant may properly commence another action if the statute of limitations has not run and if he can properly get jurisdiction over the person of the defendant." 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 442.

Affirmed.