Hannah DONNELY, Plaintiff,

v.

COPELAND INTRA LENSES, INC., a New York Corporation, Defendant and Third Party Plaintiff,

v.

Puzant TORIGIAN, Navin S. Dave, Individually, and Torigian Laboratories, Inc., Third Party Defendants.

No. 79 C 2553.

United States District Court, E. D. New York.

June 5, 1980.

---

Berel, Navarra & Mullen, New York City by John J. Donlon, New York City, for Copeland Intra Lenses, Inc.

Howard F. Cerny, New York City, for third party defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This motion for relief from a judgment pursuant to Rule 60(b), F.R.Civ.P., arises out of a personal injury action commenced by plaintiff, a Minnesota resident, in the United States District Court for the District of Minnesota. She sought to recover for injuries allegedly suffered as a result of wearing intraocular lenses manufactured by defendant Copeland Intra Lenses, Inc. ("Copeland"), a New York corporation, and sterilized and packaged by the third party defendant Torigian Laboratories, Inc. ("Torigian Laboratories"), also a New York corporation. The complaint alleges that the lenses implanted in plaintiff's eyes were unsterile, which caused an infection that led to loss of sight in her left eye and muscle control in part of her face.

Plaintiff initially brought suit solely against Copeland. Copeland avers that it made a tender of defense, via certified mail, to Torigian Laboratories, and to its president and quality control director, Puzant Torigian and Navin S. Dave respectively. When no response was forthcoming, Copeland instituted a third party action against the three and personally served each of them in this district with a third party summons and complaint. Service was made pursuant to the Minnesota "long arm" statute, Minn.Stat.Ann. § 543.19(1)(d)(2), as well as by service of process upon the Minnesota Secretary of State in accordance with Minn.Stat.Ann. § 303.13 subd. 1(3) as to Torigian Laboratories. Thereafter, plaintiff amended her complaint to include a cause of action against Torigian Laboratories and effected service by serving the Minnesota Secretary of State. Copeland included in its amended answer a cross-claim against Torigian Laboratories and served it via certified mail.

Plaintiff settled her claim against Copeland for the sum of $50,000.00. None of the third party defendants appeared to defend in the Minnesota action, however, and the court on motion and notice to the third party defendants entered a default judgment in Copeland's favor for $52,500.00, representing the amount of its settlement with plaintiff and $2,500.00 in attorney's fees. Copeland thereupon registered the judgment in the United States District Court for the Eastern District of New York by filing a certified copy of the judgment pursuant to 28 U.S.C. § 1963.

After Copeland commenced proceedings to execute on that judgment, now bearing an index number of this court, J–617, the third party defendants commenced this action by order to show cause seeking relief from the Minnesota judgment pursuant to Rule 60(b)(4), F.R.Civ.P., on the ground that the judgment is void because the court never acquired *in personam* jurisdiction over them. They have submitted affidavits in which they deny receipt of any of the papers allegedly served on them and claim they first learned of the default judgment entered against them when they received a copy of the execution directed to the United States Marshal for the Eastern District of New York. For the following brief reasons, the third party defendants' motion for relief from the Minnesota judgment is granted.

It appears fairly well established that a court, where a default judgment has been registered, may examine jurisdictional questions when they are raised and has the discretion to grant Rule 60(b) relief. *United States v. Fluor Corp.*, 436 F.2d 383, 385 (2d Cir. 1970), *cert. denied*, 402 U.S. 945, 91

S.Ct. 1623, 29 L.Ed.2d 114 (1971); *Graciette v. Star Guidance, Inc.*, 66 F.R.D. 424 (S.D.N.Y.1975). See *Fuhrman v. Livaditis*, 611 F.2d 203 (7th Cir. 1979). While there can be no doubt that failure to serve process in accordance with the Federal Rules renders a judgment void since the third party defendant would be without notice of the suit as required by due process, see 7 Moore's Federal Practice ¶ 60.25[2] at 307–08 (2d ed. 1948), a more fundamental defect is readily apparent: Copeland has failed to establish that the Minnesota court had the power to subject the third party defendants to *in personam* default judgments.

Rule 4, of the Federal Rules of Civil Procedure deals only with service and does not affect amenability to suit. *Karlsen v. Hanff*, 278 F.Supp. 864 (S.D.N.Y. 1967), citing cases. A defendant or third party defendant in the court's ancillary jurisdiction must have minimum contacts with the forum in order to be subject to *in personam* jurisdiction. *Id.*; *Dixon v. Northwestern National Bank of Minneapolis*, 275 F.Supp. 582 (D.Minn.1967); *Verner v. Moran Towing & Transportation Co.*, 258 F.Supp. 169 (S.D.N.Y.1966).[1] Thus, an inquiry into the availability of "long arm" jurisdiction under Minnesota law is required, and, if the Minnesota long arm statute applies, a determination must be made whether sufficient contacts with that State exist to permit assertion of personal jurisdiction over the third party defendants consistent with standards of due process embodied in the Fourteenth Amendment. *Sausser v. Republic Mtg. Investors*, Minn., 269 N.W.2d 758 (1978); *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 190 (8th Cir. 1965); *Anderson v. Luitjens*, Minn., 247 N.W.2d 913, 916 (1976). Whether such due process requirements have been met, of course, is a question of federal law. *Aftanase v. Economy Baler Co., supra*, 343 F.2d at 190; *Dotterweich v. Yamaha Interna-*

*tional Corp.*, 416 F.Supp. 542, 544 (D.Minn. 1976).

These inquiries are required here because, as the Supreme Court has only recently noted,

"[t]he Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. *Kulko v. Superior Court*, 436 U.S. 84, 91, [98 S.Ct. 1690, 1696, 56 L.Ed.2d 132] (1978). A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. *Pennoyer v. Neff*, 95 U.S. 714, 732–33, [24 L.Ed. 565] (1878). Due process requires that the defendant be given adequate notice of the suit, *Mullane v. Central Hanover Trust Co.*, 339 U.S. [306], 313–14, [70 S.Ct. 652, 656–657, 94 L.Ed. 865] (1950), and be subject to the personal jurisdiction of the court, *International Shoe Co. v. Washington*, 326 U.S. 310, [66 S.Ct. 154, 90 L.Ed. 95] (1945)." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980).

Thus, unless the court in the rendering State has the requisite power over a defendant, any process or notice issued by it is ineffectual. 7 Moore's Federal Practice, *supra*, ¶ 60.25[2] at 307, *citing Williams v. North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); *Pennoyer v. Neff*, *supra* ; *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257 (10th Cir. 1971); *SEC v. Capital Growth Co., S.A.*, 391 F.Supp. 593 (S.D.N.Y. 1974). This is so, moreover, even where there is a recital of jurisdictional facts in a default judgment; the recital may be contradicted and, if no jurisdiction is shown to exist, the judgment is void and not entitled to full faith and credit. 7 Moore's Federal Practice, *supra*, ¶ 60.25[2] at 308.

Turning now to the case before the court, we note that Copeland premised jur-

---

1. Copeland also argues that the plaintiff obtained personal jurisdiction over the third party defendants by service of the amended complaint on the Minnesota Secretary of State in accordance with Minn.Stat.Ann. § 303.13 subd. 1(3). Although perhaps significant for pur-

poses of determining whether State law permits assertion of personal jurisdiction over the third party defendants in the circumstances, such service, if valid, does not resolve the federal due process issue of critical importance to the motion before the court.

isdiction in Minnesota over the third party defendants under that State's "long arm" statutes, in particular Minn.Stat.Ann. §§ 303.13 subd. 1(3), 543.19(1)(d)(2).[2] At the outset, we must reject the third party defendants' contention that Copeland, as a non-resident defendant and third party plaintiff, could never avail itself of the Minnesota long arm statute. The Minnesota courts have already concluded that, under the proper circumstances, Minnesota has a constitutionally valid interest in providing a forum for a non-resident plaintiff seeking relief from a non-resident defendant. See *Mid-Continent Freight Lines, Inc. v. Highway Trailers Industries, Inc.*, 291 Minn. 251, 190 N.W.2d 670, 674 (1971); *Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W.2d 292, 308 n.28, *cert. denied sub nom. Burke v. Hunt*, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1969). Assuming for purposes of this motion that the Minnesota long arm statute is applicable, we next must determine whether defendants' contacts with the State are such that "maintenance of the suit 'does not offend "traditional notions of fair play and substantial justice." ' " *World-Wide Volkswagen Corp. v. Woodson*, *supra*, 100 S.Ct. at 564, *quoting International Shoe Co. v. Washington*, *supra*, 326 U.S. at 316, 66 S.Ct. at 158, *quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). In other words, maintenance of an action in a forum must be reasonable and fair, implicit in which is

"the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case by considered in light of other relevant interests, including the forum State's interest in adjudicating the dispute, see *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, [78 S.Ct. 199, 201, 2 L.Ed.2d 223] (1957); the plaintiff's interest in obtaining convenient and effective relief, see *Kulko v. Superior Court, supra*, [436 U.S.,] at 92, [98 S.Ct. at 1697] at least when that interest is not adequately protected by the plaintiff's power to choose the forum, cf. *Shaffer v.Heitner*, 433 U.S. 186, 211 n.37, [97 S.Ct. 2569, 2583, 53 L.Ed.2d 683] (1977); the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies, see *Kulko v. Superior Court, supra*, [436 U.S.,] at 93, 98 [98 S.Ct. at 1697, 1700]." *World-Wide Volkswagen Corp. v. Woodson, supra*, 100 S.Ct. at 564.

The Due Process Clause, however, "does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations." *International Shoe Co. v. Washington*, *supra*, 326 U.S. at 319, 66 S.Ct. at 160, *reaffirmed in World-Wide Volkswagen Corp. v. Woodson, supra*, 100 S.Ct. at 565.

---

**2.** Minn.Stat.Ann. § 303.13 subd. 1(3) provides in relevant part:

"If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the state of Minnesota and his successors to be its true and lawful attorney under whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. . . . ."

And Minn.Stat.Ann. § 543.19(1)(d)(2) provides in relevant part:

"As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

\* \* \* \* \* \*

"(d) Commits any tort outside of Minnesota causing injury or property damage within Minnesota, if . . . (2) products, materials or things processed, serviced or manufactured by the defendant were used or consumed within Minnesota in the ordinary course of trade."

Minnesota courts have applied these principles in determining whether minimum contacts exist. In *Aftanase v. Economy Baler Co., supra,* 343 F.2d at 197, then Judge Blackmun listed five factors to be considered: (1) the quantity of the contacts; (2) the nature and quality of the contacts; (3) source and connection of the cause of action with those contacts; (4) interest of the forum state; and (5) convenience of the parties. See also *First national Bank of Minneapolis v. White,* 420 F.Supp. 1331, 1334 (D.Minn.1976); *Dotterweich v. Yamaha International Corp., supra,* 416 F.Supp. 542; *Uppgren v. Executive Aviation Services, Inc.,* 304 F.Supp. 165 (D.Minn.1969); *Sausser v. Republic Mortgage Investors, supra,* 269 N.W.2d at 760 (1978); *David M. Rice, Inc. v. Intrex, Inc.,* 257 N.W.2d 370, 373 (1977); *Am. Pollut. Prev. Co. v. Nat. Alfalfa, etc.,* Minn., 230 N.W.2d 63, *cert. denied,* 423 U.S. 894, 96 S.Ct. 193, 46 L.Ed.2d 126 (1975).

■■■ Although the burden of proof in a Rule 60(b) motion is typically on the movant, it is manifest that in the circumstances of this case the burden is properly on Copeland to establish by a preponderance of the evidence that the Minnesota court had *in personam* jurisdiction over the third party defendants once such jurisdiction is brought into issue. See *Rockwell Intern. Corp. v. KND Corp.,* 83 F.R.D. 556, 559 n.1 (N.D. Tex.1979); *DiCesare-Engler Productions, Inc. v. Mainman Ltd.,* 81 F.R.D. 703, 705 (W.D.Pa.1979). Thus, Copeland must come forward with facts, by affidavit or otherwise, which demonstrate that the Minnesota court properly exercised jurisdiction over the third party defendants. This it has failed to do.

■■■ The record on this motion, in fact, fails to show that the third party defendants had any contact with Minnesota whatever. In its memorandum of law in opposition to this motion, Copeland asserts that the third party knew that the lenses were being shipped into Minnesota. Even if such knowledge were sufficient (which it might not be, see *World-Wide Volkswagen v. Woodson, supra*), there is no evidence to support such a contention. Nor has Copeland presented evidence that Torigian Laboratories ever advertised in Minnesota; had any employee, officer, agent or office there; solicited any business in the State; entered into any contract with any Minnesota resident or corporation; made any sales to a resident of the State; maintained a bank account or telephone in Minnesota; or availed itself of any benefit of Minnesota law. Simply stated, Copeland has failed to point to any contact, tie, or relation with the State of Minnesota that would permit the assertion of *in personam* jurisdiction. See *World-Wide Volkswagen v. Woodson, supra*; *Aftanase v. Economy Baler Co., supra,* 343 F.2d at 188–89; *First National Bank of Minneapolis v. White, supra,* 420 F.Supp. at 1333; *Dotterweich v. Yamaha International Corp., supra,* 416 F.Supp. at 543; *Uppgren v. Executive Aviation Service, Inc., supra,* 304 F.Supp. 170–71.[3]

Moreover, in an indemnity action by a non-resident third party plaintiff against a non-resident third party defendant, the Supreme Court of Minnesota has determined that the interest of Minnesota in providing a forum for such a claim is minimal. *Mid-Continent Freightlines v. Highway Trailer Industries, Inc., supra,* 190 N.W.2d at 674. As the court there noted, moreover, the third party plaintiff typically has another forum in which to litigate his claim, the convenience of the third party defendant would not be served, and the primary plaintiff—a Minnesota resident—has no interest

---

**3.** There is no evidence of record that the third party defendants ever purposefully availed themselves of the privilege of conducting activities within Minnesota. *World-Wide Volkswagen Corp. v. Woodson, supra,* 100 S.Ct. at 567, *citing Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). They have made no effort, it appears, to serve directly or indirectly the market for their services in Minnesota and, while it might be foreseeable that lenses sterilized by the third party defendants might find their way into Minnesota through sales made by Copeland, mere " 'unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State.' " *Id.* quoting *Hanson v. Denckla, supra,* 357 U.S. at 253, 78 S.Ct. at 1239–40.

in the action because he could recover in full from the defendant-third party plaintiff. Such a determination is particularly appropriate in this case since both Copeland and the third party defendants are apparently New York residents. That the third party defendants risked incurring a default judgment and its consequences—assuming contrary to their allegations that they had notice of the Minnesota proceedings—underscores the inconvenience to them of defending against Copeland in Minnesota. See *Graciette v. Star Guidance, Inc., supra*, 66 F.R.D. at 429 n.4 (S.D.N.Y.1975). Finally, plaintiff Donnely has already recovered in full from Copeland.

Although Copeland failed to raise the issue, we have also considered whether in the sound exercise of the court's discretion under Rule 60(b) this motion ought to be referred for decision to the United States District Court for the District of Minnesota, the court which rendered the judgment now under collateral attack. Since there appears to be little gained by transfer of this action to a distant forum, and the interests of justice and convenience to the parties would best be served by resolution of the federal due process issue before the court in this action, we believe deference to the rendering court would not be in the best interest of all concerned. *Cf. Fuhrman v. Livaditis, supra*, 611 F.2d 203; *United States v. Fluor Corp., supra*, 436 F.2d 383. See *Graciette v. Star Guidance, Inc., supra*, 66 F.R.D. 424.

Accordingly, third party defendants' motion for relief from the judgment is hereby granted and the execution directed to the United States Marshal for the Eastern District of New York under Index No. J–617, all subpoenas, notices to take depositions, request for documents, and any and all outstanding restraining orders served on third party defendants are hereby vacated.

SO ORDERED.