**ROHM & HAAS COMPANY, Petitioner,**

v.

**Robert S. ARIES, et al., Respondents.**

**Misc. No. 18–302.**

United States District Court,
S.D. New York.

Sept. 21, 1984.

Pennie & Edmonds, New York City, (Berj A. Terzian, New York City, of counsel), for petitioner.

Robert S. Aries, pro se.

## MEMORANDUM DECISION

STEWART, District Judge:

In December of 1964, petitioner Rohm & Haas Company obtained default judgments for $2,288,600 against respondent Robert S. Aries ("Dr. Aries") in the United States District Court for the District of Connecticut. Thereafter, petitioner registered the judgments in this court and commenced supplementary proceedings. Respondent has moved to dismiss pursuant to Fed.R. Civ.P. 60(b)(4), arguing that the judgments are void due to lack of personal jurisdiction. Petitioner has since filed a motion for summary judgment. For reasons presented below, respondent's motion is denied. Because our disposition of respondent's motion encompasses the relief sought by petitioner, we need not discuss the petitioner's motion.

The relevant facts are as follows. In October of 1982, petitioner commenced supplementary proceedings in this court to enforce two registered judgments for money damages against Dr. Aries. These judgments represent findings by the Connecticut District Court that the defaulting Dr. Aries, along with co-defendants, had misappropriated and unlawfully sold or licensed certain of petitioner's inventions and trade secrets. The court made a specific finding that it had acquired personal jurisdiction over Dr. Aries by virtue of the Connecticut long-arm statute then in force. The statute provided for jurisdiction over nonresident defendants, doing business in the state, by serving process on the Secretary

of State and sending a copy to defendant at his last known address by registered or certified mail. Conn.Gen.Stat. § 52–59a (1959).

As previously noted, Dr. Aries has moved to dismiss pursuant to Fed.R.Civ.P. 60(b)(4). The rule provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment [because] the judgment is void." A judgment is void when the court of rendition lacked personal jurisdiction over the defendant. 7 *Moore's Federal Practice* ¶ 60.25(2) at 307 (1982).

Before deciding Dr. Aries' motion, we must determine whether this court, as the court in which the judgment has been registered, may do so. "It appears fairly well established that a court, where a default judgment has been registered, may examine jurisdictional questions when they are raised and has the discretion to grant Rule 60(b) relief." *Donnely v. Copeland Intra Lenses, Inc.,* 87 F.R.D. 80, 82 (E.D.N.Y.1980) (citing *inter alia, United States v. Fluor Corp.,* 436 F.2d 383, 385 (2d Cir. 1970), *cert. denied* 402 U.S. 945, 91 S.Ct. 1623, 29 L.Ed.2d 114 (1971); *Graciette v. Star Guidance Inc.,* 66 F.R.D. 424 (S.D.N.Y.1975)). *See also Covington Industries Inc. v. Resintex A.G.,* 629 F.2d 730, 734 (2d Cir.1980) ("Although the case law is somewhat meager, precedent exists supporting the proposition that Rule 60(b)(4) may be invoked in the registration court to obtain relief from a foreign default judgment attacked as void for lack of personal jurisdiction over the parties against whom it was rendered.") The standards by which a registering court is to exercise its discretion when presented with a Rule 60(b) motion have not been precisely delineated. However, analogies to traditional *forum non conveniens* doctrines have been suggested. *United States v. Fluor Corp.,* 436 F.2d 383, 385 (2d Cir.1970), *cert. denied,* 402 U.S. 945, 91 S.Ct. 1623, 29 L.Ed.2d 114 (1971). General policy considerations include the interests of efficient judicial administration, *United States v. Fluor Corp.,* 436 F.2d at 385, comity among the federal

district courts, *Fuhrman v. Livaditis,* 611 F.2d 203, 205 (7th Cir.1979), as well as "the interests of justice and convenience to the parties." *Donnely v. Copeland Intra Lenses Inc.,* 87 F.R.D. 80, 86 (E.D.N.Y. 1980). Specific factors to be considered include the rendering court's familiarity with the facts of the case, *United States v. Fluor Corp.,* 436 F.2d at 385, or particular expertise in the law to be applied, *Coleman v. Patterson,* 57 F.R.D. 146, 149 (S.D.N.Y. 1972), as well as the location of witnesses, *id.* at 148 and of the record of the prior proceedings. *TomMills Brokerage Co. v. Thon,* 52 F.R.D. 200 (D.P.R.1971). Of some weight also is the registering party's choice of forum. *Covington Industries, Inc. v. Resintex A.G.,* 629 F.2d at 733–34 (2d Cir.1980), quoting 7 *Moore's Federal Practice* (10) at 391–92 (2d ed. 1979).

Two counter-balancing factors make the exercise of our discretion difficult in this case. On the one hand, the District Court in Connecticut apparently received evidence and made findings on the issue of its jurisdiction over Aries. *See* Petitioner's Opposition to Respondent's "Formal Motion for Dismissal" (hereinafter "Petitioner's Opposition") Ex. A at 2, 3 and B at 1. This would, in the usual case, make deference to the court of rendition appropriate. *See Coleman v. Patterson,* 57 F.R.D. at 149; *cf. Covington Industries, Inc. v. Resintex A.G.,* 629 F.2d at 733 (where the court of rendition does not receive evidence or make findings in the matter except on the issue of damages, the court of registration is as qualified as court of rendition to determine jurisdiction of latter). In this case, however, the evidence was received and the findings were made by the Connecticut court some nineteen years ago. This suggests that as a practical matter, the rendering court's actual familiarity with the facts may well be no better than our own.

We thus turn to other relevant factors in this case. Adjudication of this matter requires the application of the Connecticut long-arm statute. However, an examination of Conn.Gen.Stat. § 52–59a (1959)

suggests that the law is not so arcane or complex as to require particular training in its ramifications. Of relevant witnesses known to the Court, one (Arthur Pollack) resides in Westport, Connecticut; one (Arthur Connolly) is a partner in a Delaware law firm; and one (Dr. Aries) resides in New York City. As for the parties, Rohm & Haas has New York counsel that is keenly aware of the circumstances of this case; Dr. Aries brought this motion on before us. In addition, Rohm & Haas has formally stated that it has no objection to this issue being decided here. Petitioner's Opposition at 9–10. For these reasons, we conclude that we have the power to adjudicate respondent's Rule 60(b) motion, and the exercise of such power is appropriate here.

Turning now to the merits, petitioner contends that the Connecticut court's finding of jurisdiction was correct because Dr. Aries, a nonresident defendant, had a controlling influence over co-defendant corporations that were undisputedly doing business in Connecticut. Moreover, petitioner maintains that it complied with the service provisions of the statute by serving process on the Secretary of State and mailing copies to defendants' last known addresses, namely: 225 Greenwich Avenue, Stamford, Connecticut, the business address of co-defendant corporations, and the University of Geneva, where defendant was a teacher.

Dr. Aries admits that he was not a resident of Connecticut but contests long-arm jurisdiction, arguing that he had no relationship to co-defendant corporations and, therefore, was not doing business in the state. Alternatively, Dr. Aries asserts that petitioner mailed the copies of process to incorrect addresses. In any event, Dr. Aries claims that he never received the copy of process mailed to either address.

■ Putting aside for the moment the issue of service, we must determine which party bears the burden of proving that the jurisdictional act of "doing business" either had or had not occurred. In this regard, there is authority for assigning this burden to petitioner. *See Donnely v. Copeland*

*Intra Lenses, Inc.,* 87 F.R.D. 80, 85 (E.D.N.Y.1980); *Rockwell International Corp. v. KND Corp.,* 83 F.R.D. 556, 559 n. 1 (N.D.Tex.1979); *DiCesare-Englar Productions, Inc. v. Mainman, Ltd.,* 81 F.R.D. 703, 705 (W.D.Pa.1979). Courts of this view reason that placing the burden on a defendant who has made a rule 60(b) motion on jurisdictional grounds "would reverse the normal placement when a party challenges ... *in personam* jurisdiction through a Rule 12 motion to dismiss." *Rockwell,* 83 F.R.D. at 559 n. 1. This reasoning, however, fails to consider that a defendant who was on notice of the original proceedings, had an opportunity, at that time, to oppose jurisdiction by a Rule 12 motion. Such a motion avoids prejudice to the plaintiff because all evidence needed to prove jurisdiction is readily available. This is not true of a Rule 60(b) motion made, as in this case, almost 20 years after judgment. Should the burden of proof be lodged with the plaintiff, severe prejudice can result when evidence needed to prove jurisdiction is no longer available due to the passage of time. Accordingly, it is not unfair to place the burden on a defendant who has chosen to contest jurisdiction after judgment under Rule 60(b) rather than at the time of trial pursuant to Rule 12. This, of course, presumes that defendant was on notice at the time of the original proceedings.

On the question of notice, Dr. Aries contends that because he had no relationship to co-defendant corporations, mailing a copy of process to that address was unlikely to provide notice and was, therefore, improper. Similarly, Dr. Aries argues that because the University of Geneva is so large, that address did not qualify as a "last known address" under the Connecticut long-arm statute.

■ As for the latter contention, the evidence establishes that, despite the size of the University of Geneva, process mailed to that address was forwarded to Avenue General Du Four, Dr. Aries' business address in Geneva. *See* Plaintiff's Ex. B to Motion for Summary Judgment; *see also* Deposition of A.P. Sachs at 49, 110–11 (to

the effect that Aries did business at Avenue General Du Four). Although when forwarded, this copy of process was not claimed by Dr. Aries, due process requires only that "notice [be] reasonably calculated, under all the circumstances, to apprise [the] interested part[y] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1949). This requirement has been satisfied here. Accordingly, Dr. Aries was properly served pursuant to the Connecticut long-arm statute. We need not discuss his contentions regarding service at co-defendant corporations' business address.

■ The circumstances of this case, however, require that actual notice has been given. Such notice is established by the affidavit of Arthur Connolly, trial counsel for Rohm & Haas in the original proceedings. In his affidavit, Mr. Connolly attests to having met with Dr. Aries in Paris, four months after the commencement of suit, for the specific purpose of discussing a settlement. *See* Connolly Aff. at 2. Although Dr. Aries, by his own affidavit, disputes that this meeting ever occurred, his affidavit is of questionable value due to credibility problems that will be discussed below. Accordingly, we find that Dr. Aries had actual notice of the original proceedings and is, therefore, properly saddled with the burden of proof.

1. Dr. Aries claims to have witnesses who can support his position. Unfortunately, he has offered only unsworn statements of these witnesses. Moreover, respondent attempts to use abstracts from depositions presented by petitioner (discussed further in footnote 2) in support of his motion to dismiss. We find these abstracts are of little help in this regard.

2. Even if the burden were placed with petitioner, the result would have been the same. Petitioner presented deposition testimony, taken during the original proceedings, of Dr. Albert Sachs ("AS") and Dr. Arthur Pollack ("AP"), who were consultants to co-defendant corporations. Each testified, that to their knowledge, Dr. Aries dominated co-defendant corporations (AP 537; AS 134), and that Dr. Aries' directions were to be followed. (AP 10; AS 20). Dr. Pollack be-

Toward meeting this burden, Dr. Aries has offered little more than his own affidavits [1] which are tainted by a demonstrated lack of credibility. This lack of credibility is best illustrated by the findings of Magistrate Raby in his report to this Court dated February 10, 1983. The relevant findings include:

— Dr. Aries knowingly violated this Court's injunction against transferring funds. Magistrate's Report at 8.

— Dr. Aries intentionally made false statements to this court during proceedings related to his motion. *Id.* at 9.

In addition to the Magistrate's findings, this Court reprimanded Dr. Aries for his reportedly interrupting a deposition conducted by petitioner in aid of its opposition to this motion. As we stated at the time, Dr. Aries' conduct was an apparent attempt to prevent the witness from testifying.

■ Taking these facts into consideration, it is reasonable to conclude that Dr. Aries' affidavits are of limited use. Accordingly, respondent has not met his burden.[2] His motion is, therefore, denied. We need not consider petitioner's motion.

SO ORDERED.

lieved that he worked for Dr. Aries and in fact signed a contract of employment with Dr. Aries at a Connecticut address of co-defendant corporations. (AP 168–70, 189). Similarly, Dr. Sachs was to co-author an article with Dr. Aries for the corporations in Stamford, Connecticut. (AS 23). Additional indications of Dr. Aries' involvement with co-defendant corporations include Dr. Pollack's testimony that Dr. Aries' travel expenses were paid by the corporation (AP 207, 527); also relevant is Dr. Pollack's testimony that employees of the corporations were assigned to work on Dr. Aries' personal project known as X–115. (AP 77, 192, 38, 220). If indeed the burden of proof rests with petitioner, sufficient evidence has been presented to show that Dr. Aries was "doing business" in Connecticut through co-defendant corporations.