[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (#104, #105)
Presently before the court are motions to dismiss filed by each of two defendants. Each motion should be granted. CT Page 2284
On July 29 1993, the plaintiff, Addie Jackson, filed a four count complaint against the Hospital of Saint Raphael, Christopher McLaughlin, M.D., Michael Fuenfer, M.D. and Steven N. Goldstein, M.D. alleging medical malpractice. On September 16, 1993, Fuenfer and Goldstein each filed a motion to dismiss for insufficiency of service of process. The plaintiff filed an objection to the motion to dismiss on September 28, 1993 and a memorandum of law in support her objection.
"Any defendant wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book 142. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624. "When a statute specifies the manner of service, `[u]nless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction.'" Grayson v. Wofsey, Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1, 2. "The motion to dismiss like a `motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.'" Barde v. Board of Trustees, 207 Conn. 59,62.
The defendants argue that in order to satisfy General Statutes52-59b(c) the plaintiff needs to serve process to the defendants' "last known address." The defendants argue further that mailing service to the defendants' former employer, the Hospital of St. Raphael, does not satisfy the "last known address" requirement.
The plaintiff argues that serving the defendants at their former employer satisfies General Statutes 52-59b(c). Rohm Haas Co. v. Aries, 103 F.R.D. 541 (S.D.N.Y. 1984). The plaintiff argues further that as long as the notice is reasonably calculated, under all the circumstances, to apprise the defendants of the pendency of the action and afford the defendants an opportunity to present their objection, then proper service of process has been rendered. Id., 544-45.
Nevertheless, the plaintiff's argument that service upon the defendants' former employer satisfies General Statutes 52-59b(c) is unsound. Service of process pursuant to General Statutes52-59b is appropriate only if the defendant is a nonresident. White Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14, 16. The statute does not apply to defendants who reside in the state but whose address is unknown to the plaintiff. Id. This court is CT Page 2285 confined to the record when deciding a motion to dismiss. Barde v. Board of Trustees, supra.
The existing record lacks any allegations that the defendant in the present case are nonresidents. Therefore, it is irrelevant whether or not serving the defendants' former employer is sufficient. "There is no substitute for `in hand' or abode service in accordance with General Statutes 52-54, where jurisdiction over the person of a resident individual is sought. . . ." White-Bowman Plumbing Heating, Inc. v. Biafore, supra, 17. Because the record does not reflect whether the defendants are nonresidents, the plaintiff has not properly served the defendants.
Accordingly, each motion to dismiss is granted.
Ronald J. Fracasse, Judge